IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STREAMSERVE AB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 08-343-SLR |
| v. | ) | |
| | ) | |
| EXSTREAM SOFTWARE, LLC and | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS EXSTREAM SOFTWARE, LLC'S AND HEWLETT-PACKARD COMPANY'S ANSWER AND COUNTERCLAIM

Defendants Exstream Software, LLC ("Exstream") and Hewlett-Packard Company ("HP") hereby answer the Complaint of plaintiff Streamserve AB ("Streamserve"), and state as follows:

### PARTIES

1.    The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore deny such allegations.

2.    The defendants admit that Exstream is a Delaware limited liability company with a principal place of business at 810 Bull Lea Run, Lexington, Kentucky 40511 and that its registered agent is Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.  The phrase "software for enterprise document automation" is not defined in the Complaint.  Consequently, the defendants do not have sufficient information to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint, and therefore, deny those allegations.

3.    The defendants admit that HP is a Delaware corporation with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304 and that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  The phrase "software for enterprise document automation" is not defined in the Complaint.  Consequently, the defendants do not have sufficient information to form a belief as to the truth of the remaining allegations of the Complaint, and, therefore, deny those allegations.

## JURISDICTION AND VENUE

4.    The defendants admit that the Complaint purports to set forth a claim for patent infringement under the patent laws of the United States, Title 35 U.S.C. §271.

5.    Paragraph 5 of the Complaint states a legal conclusion to which no response is required.

6.    The first sentence of paragraph 6 of the Complaint states a legal conclusion to which no response is required.  The defendants admit that Exstream is a limited liability company organized under the laws of Delaware.  Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7.    The first sentence of paragraph 7 of the Complaint states a legal conclusion to which no response is required.  The defendants admit that HP is incorporated in Delaware and the defendants deny the remaining allegations of paragraph 7 of the Complaint.

8.    Paragraph 8 of the Complaint states a legal conclusion to which no response is required.  To the extent that Paragraph 8 contains allegations of fact, those allegations are denied.

## COUNT 1: PATENT INFRINGEMENT BY EXSTREAM

9.      The defendants incorporate by reference, as if set forth in full herein, their answers to paragraphs 1-8 of the Complaint.

10.      The defendants deny the allegations of paragraph 10 of the Complaint, except they admit that a document purporting to be U.S. Patent No. 7,127,520 (the "'520 Patent'") entitled "Method and System for Transforming Input Data Streams" was attached to the Complaint as Exhibit A and states on its face that it issued on October 24, 2006.

11.      The defendants admit that, on its face, Exhibit A lists Streamserve as the assignee of the '520 patent.  The defendants are without information sufficient to form a belief as to the truth of the remaining allegations set forth in  paragraph 11, and therefore denies the same.

12.      The defendants deny the allegations of paragraph 12 of the Complaint.

13.      The defendants deny the allegations of paragraph 13 of the Complaint.

14.      The defendants deny the allegations of paragraph 14 of the Complaint.

15.      The defendants deny the allegations of paragraph 15 of the Complaint.

16.      The defendants deny the allegations of paragraph 16 of the Complaint.

## COUNT 2: PATENT INFRINGEMENT BY HP

17.      The defendants incorporate by reference, as if set forth in full herein, their answers to paragraphs 1-16 of the Complaint.

18.      The defendants deny the allegations of paragraph 18 of the Complaint.

19.      The defendants deny the allegations of paragraph 19 of the Complaint.

20.      The defendants deny the allegations of paragraph 20 of the Complaint.

21.      The defendants deny the allegations of paragraph 21 of the Complaint.

22.      The defendants deny the allegations of paragraph 22 of the Complaint.

23.    Each allegation of the Complaint not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    The Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

2.    The defendants' products do not infringe and have not infringed any claim of U.S. Patent No. 7,127,520.

### Third Affirmative Defense

3.    The claims of the patent-in-suit are invalid because they fail to satisfy the conditions for patentability stated in Title 35 of the United States Code, including, *inter alia*, §§ 101,102,103 and 112.

### Fourth Affirmative Defense

4.    Streamserve's claim for damages is limited by 35 U.S.C. § 287(a).

### Fifth Affirmative Defense

5.    Streamserve's claim for injunctive relief is barred because Streamserve has an adequate remedy at law, it has not been irreparably harmed, the balance of hardships is not in its favor and the public interest is not served by granting injunctive relief.

### Sixth Affirmative Defense

6.    The defendants reserve the right to assert additional defenses that my become know to them through discovery, including but not limited to inequitable conduct.

4

## COUNTERCLAIM

The defendants assert the following counterclaims against Plaintiff Streamserve AB.

## PARTIES

1.      Counterclaim plaintiff Exstream is a Delaware limited liability company with a principal place of business at 810 Bull Lea Run, Lexington, Kentucky 40511.

2.      Counterclaim plaintiff HP is a Delaware corporation with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

3.      Upon information and belief, counterclaim defendant Streamserve is a Swedish Corporation having its principal place of business at Karlavagen 108, SE-10451 Stockholm, Sweden.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the patent laws of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Declaratory Judgment Act, as enacted under Title 28 of the United States Code. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331, 1338, because this cases arises under the patent laws of the United States and under 28 U.S.C. §§2201-2202 because an actual controversy exists between Streamserve and the defendants-counterclaim plaintiffs.

5.      This counterclaim arises out of the same transaction or occurrence that is the subject matter of Streamserve's Complaint This Court has personal jurisdiction over Streamserve because Streamserve has submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district. The acts committed by Streamserve that are the basis of this declaratory judgment action occurred in this judicial district.

6.    In its Complaint, Streamserve alleges that the defendants infringe U.S. Patent No. 7,127,520 (the "'520 Patent'"). Because the defendants-counterclaim plaintiffs deny that they infringe any valid claim of the '520 patent, an actual and justiciable controversy has arisen and now exists between the Defendants and Streamserve as to whether the defendants infringe any claim of the '520 patent and as to whether the '520 patent is invalid.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events that give rise to this counterclaim occurred in this district.

### COUNT I: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

9.    The allegations of paragraphs 1-8 of this Counterclaim are incorporated herein by reference.

10.    The defendants do not infringe and have not infringed any claim of the '520 patent.

### COUNT II: DECLARATORY RELIEF REGARDING INVALIDITY

11.    The allegations of paragraphs 1-10 are incorporated herein by reference.

12.    The claims of the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §101.

13.    The claims of the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §102.

14.    The claims of the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §103.

15.     The claims of the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. §112.

## REQUEST FOR RELIEF

The Defendants respectfully request that the Court grant the following relief:

a.      Enter judgment that Exstream and HP have not infringed directly or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, any claim of the '520 patent;

b.      Enter judgment that the claims of the '520 patent are invalid;

c.      Declare that the defendants Exstream and HP do not infringe and have not infringed the patent-in-suit;

d.      Declare that each claim of United States Patent No. 7,127,520 is invalid;

e.      Enter judgment dismissing Streamserve's Complaint with prejudice;

f.      Enter judgment determining that this case is an exceptional case within the meaning of 35 U.S.C. §285, and awarding the defendants their costs and reasonable attorneys' fees; and

g.      That the Court grant the defendants such further relief the Court deems just in the circumstances.

**Demand for Jury Trial**

The defendants hereby demands a jury trial on all claims and issues triable of right by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

Robert S. Frank, Jr.
Carlos Perez-Albuerne
Wendy S. Plotkin
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

Dated: July 31, 2008
876769

*Attorneys for Defendants*
*Exstream Software, LLC and*
*Hewlett-Packard Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 31, 2008, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

John W. Shaw, Esq.
Monté T. Squire, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
jshaw@ycst.com
msquire@ycst.com

I hereby certify that on July 31, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

Robert M. Isackson, Esq.
Rodger A. Sadler, Esq.
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103
rmisackson@orrick.com
rsadler@orrick.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com