IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DUTCH BRANCH OF STREAMSERVE DEVELOPMENT AB, ) ) ) ) Plaintiff, ) ) v. ) ) EXSTREAM SOFTWARE, LLC and ) HEWLETT-PACKARD COMPANY, ) ) Defendants. ) | Civ. No. 08-343-SLR |

**MEMORANDUM ORDER**

At Wilmington this 26th day of August, 2009, having conferred with counsel regarding various pretrial disputes;

IT IS ORDERED that the disputes are resolved as follows:

1. **Bifurcation.** Plaintiff challenges my decision to bifurcate damages and willfulness for purposes of discovery[1] and trial. I have determined that bifurcation is appropriate, if not necessary, in all but exceptional patent cases.

    a. In the first instance, the judges of this court have carried a substantial patent docket for the last decade.[2] Although limited damages discovery may be relevant for purposes of exploring settlement and the issue of commercial success, in my experience, discovery disputes related to document production on damages and the

---

[1] I recognize that, in this case, most of the document production as to damages has been completed.

[2] As of today's date, I have 89 pending patent cases.

*Daubert* motion practice related to damages experts are a drain on scarce judicial resources.[3]

   b.  Aside from the burden imposed on the court, the burden imposed on a jury in a patent trial is extraordinary.  More specifically, juries are tasked with resolving complex technical issues regarding infringement and invalidity, many times with respect to multiple patents and/or multiple prior art references.  Absent bifurcation, jurors then are expected to understand the commercial complexities of the relevant market (or, even more impenetrable, the commercial complexities of the hypothetical market) in order to determine the economic consequences of their liability decisions.

   c.  There has been much consternation of late over the variable, arguably excessive, damages verdicts of juries.  Given the burdens described above, I have concluded that bifurcation promotes the just and efficient resolution of what damages, if any, should to awarded by:  (1) giving the parties - those with the most expertise in the market - the first opportunity to translate the Federal Circuit's final legal decision on liability into practical commercial consequences; or (if the parties cannot resolve the matter) (2) giving the damages jury a focused dispute to resolve.

   d.  Finally, absent the use of such administrative tools as bifurcation (also referred to as separation of issues), timed trials, etc., the burden of managing a substantial patent caseload will be reflected in extending the time needed to reach trial on the merits.

   2.  **Willfulness.**  Plaintiff argues that, even if the issue of damages is bifurcated,

---

[3] I do not bother to address the mischief that lawyers can perpetrate with extravagant damages figures or the hyperbole that can accompany claims of willfulness.

discovery on willfulness should be allowed to go forward because such evidence is relevant to whether plaintiff may be entitled to a permanent injunction. Even if I were to agree that evidence on willfulness is relevant to the elements required to justify injunctive relief (which I don't), such intrusive discovery can be pursued in a focused manner after trial, in the event the jury returns a verdict in plaintiff's favor.

3. **Waiver.** Having reviewed the depositions of the two inventors, I conclude that the inventors did not waive their attorney-client privilege. The privilege was properly asserted; the responses given to questions posed by defendants' counsel go to the fact of conversation, not the substance of those conversations. In other words, I agree with plaintiff's counsel that the responses gave no more information that a privilege log would give.

_____
United States District Judge